Matter of Attorneys In Violation of Judiciary Law § 468-a. (Obele) (2019 NY Slip Op 01126)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Obele)


2019 NY Slip Op 01126


Decided on February 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 14, 2019


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; JOSEPH CHIDOZIE OBELE, Respondent. (Attorney Registration No. 4000915)

Calendar Date: November 19, 2018

Before: Garry, P.J., Lynch, Clark, Aarons and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Joseph Chidozie Obele, North Potomac, Maryland, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2001 and presently lists a business address in Maryland with the Office of Court Administration. He is also admitted to practice in his native country of Nigeria. By September 2009 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (Matter of Attorneys in Violation of Judiciary Law § 468, 65 AD3d 1447, 1470 [2009]; see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now seeks his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). The Lawyers Fund for Client Protection indicates that it has no objection to respondent's application, and petitioner advises that it defers to the Court's discretion with respect to respondent's application.
Given the length of his suspension, respondent properly submits a sworn affidavit in the form applicable to attorneys suspended for longer than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Freedman], 166 AD3d 1161, 1161 [2018]). Office of Court Administration records demonstrate that respondent has cured the delinquency that resulted in his suspension and that he is current with his biennial registration requirements (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Respondent also provides proof that he successfully completed the Multistate Professional Responsibility Examination, as is required for attorneys seeking reinstatement following suspensions of six [*2]months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Moreover, having reviewed respondent's affidavit and supplemental correspondence with supporting documentation, as well as petitioner's correspondence in response, we are satisfied that he has complied with the order of suspension and the rules of this Court, that he has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Freedman], 166 AD3d at 1162; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, we grant respondent's motion.
Garry, P.J., Lynch, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.